**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:  Case No. 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,  Chapter 11

Debtor,
_____/

## NOTICE OF APPEAL

Chris Kosachuk, *pro se*, appeals under 28 U.S.C. § 158(a) to the United States District Court for the Southern District of Florida from the Order [ECF 1375] and Final Decree [ECF 1376], filed on December 5, 2022, by U.S. Bankruptcy Judge A. Jay Cristol and entered on the docket on December 5, 2022 in this case (the "Orders"), copies of which are attached to this Notice of Appeal.

This Notice of Appeal is related to a pending appeal before the Honorable Jose Martinez, captioned as, *Kosachuk, v. Liza Hazan* under case number 22-cv-22781-JEM which is an appeal of the Order Denying Motion to Recuse in this same bankruptcy.

This Notice of Appeal is related to a pending appeal before the Honorable Beth Bloom, captioned as, *Kosachuk, v. Liza Hazan* under case number 22-cv-23840-BB which is an appeal of a Final Judgment entered in this same bankruptcy.

In appealing from these Orders, Mr. Kosachuk appeals from all orders and decisions antecedent and ancillary thereto, including all interlocutory judgments, decrees, rulings, reports, recommendations and opinions that merged into and became part of the Orders, that shaped the Orders, that are related to the Orders and upon which the Orders are based.

The names of all parties to the judgment, order or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

**Part 1. Identify the appellant:**

1. Name of Appellant: Chris Kosachuk

2. Position of Appellant: Interested Party

**Appellant: Chris Kosachuk**

| | |
|---|---|
| Chris Kosachuk<br>854 Pheasant Run Road<br>West Chester, PA 19382<br>chriskosachuk@gmail.com | Chris Kosachuk<br>Pro Se Appellant<br>854 Pheasant Run Road<br>West Chester, PA 19382<br>chriskosachuk@gmail.com |

**PART 2. Identify the subject of this appeal:**

1. Describe the judgment, order or decree appealed from:

    Order [ECF 1375] and Final Decree [ECF 1376], filed on December 5, 2022, and entered on the docket on December 5, 2022 (the "Orders").

2. State the date on which the Orders were entered on the docket: <u>December 5, 2022</u>

**PART 3: Identify the other parties to the appeal**

| Party: Debtor/Appellee | Attorney |
|---|---|
| Liza Hazan a/k/a Elizabeth Hazan<br>6913 Valencia Drive<br>Fisher Island, FL 33109 | |

**Party: Debtor/Appellee**

**Attorney**

JOEL M. ARESTY, P.A.
309 1st Ave S
Tierra Verde FL 33715
Tel 305--904--1903
Fax 800--559--1870
E--mail Aresty@Mac.com

December 19, 2022.

Respectfully submitted,

Chris Kosachuk
*Pro Se Appellant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of December 2022 a true and correct copy of foregoing was hand delivered to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to counsel of record for Debtor Liza Hazan by Appellant.

Respectfully submitted,

**Chris Kosachuk**

*Pro Se Appellant*
854 Pheasant Run Rd.
West Chester, PA 19382
(305) 490-5700
chriskosachuk@gmail.com


## SERVICE LIST

*Served via CM/ECF or Email*

All parties of record



**ORDERED in the Southern District of Florida on December 6, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                    Case No. 16-10389-BKC-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,                         Chapter 11

    Debtor.
_____/

**ORDER GRANTING MOTION TO REOPEN CASE TO APPROVE FINAL REPORT,
AND ENTER DISCHARGE TO REORGANIZED DEBTOR**

**THIS MATTER** came before the Court for hearing on August 9, 2018 at 10:30 a.m. upon the Reorganized Debtor, Liza Hazan a/k/a Elizabeth Hazan ("Reorganized Debtor")'s Corrected Motion to Reopen this Chapter 11 case to grant the Reorganized Debtor's Discharge and enter a Final Decree and to re-close the case [ECF No. 713] (the "Motion"), and again on October 24, 2018 at 2:00 p.m. upon the Court's Order Setting Further Hearing to Consider Issuance of Discharge and Dismissal of Pending Non-Core Personal Injury Tort Claims for October 24, 2018 [ECF 745]. The Court has further considered the following:

CASE NO. 16-10389-BKC-AJC

- The Final Report [ECF No. 703] ("Final Report");

- The Notice of Deadline to Object to Debtor's[1] Statement Re: 11 U.S.C. § 522(q)(1) Applicability, *et al.* [ECF No. 704];

- NLG, LLC's Opposition to Debtor Motion to Reopen Case and Motion for Discharge (ECF No. 733);

- NLG, LLC's Objection to Debtor Statement and Discharge [ECF No. 729], which the Court notes was withdrawn on the record by counsel for NLG during the August 9, 2018 hearing;

- NLG, LLC's *ore tenus* Objection to Debtor's Discharge during the October 24, 2018 hearing;

- Creditor Valencia Estates Homeowners' Association, Inc.'s Limited Objection to Debtor's Corrected Motion for Discharge [D.E. 713] [ECF No. 728], which was resolved by Agreed Order [ECF No. 734];

- Real Time Resolutions, Inc.'s Objection to Debtor's Motion to Reopen, Final Report and Motion for Discharge, and Motion for Entry of Final Decree and to Reclose [ECF No. 731], which was withdrawn prior to the hearing [ECF No. 732]; and

- NLG, LLC's motion to reopen Chapter 11 case [ECF No. 757], and amended and expedited motion to reopen case [ECF No. 763].

---

[1] For purposes of this Order, the term "Debtor" shall also mean the "Reorganized Debtor" pursuant to this Court's Order Confirming Plan of Reorganization [ECF No. 691] (the "Confirmation Order").

*CASE NO. 16-10389-BKC-AJC*

Having considered the record, including NLG's Objection and Opposition,[2] and finding that due and adequate notice has been given and no additional notice is required, the Court grants the Motion in part and herein enters the discharge of the Reorganized Debtor, and approves the Final Report. The Motion and Final Report demonstrate the Reorganized Debtor is entitled to to a discharge pursuant to 11 U.S.C. § 1141(d)(5). However, a Final Decree will not yet be issued and the case shall not be re-closed at this time.

### I. 11 U.S.C. § 1141(d)(5)(B) – authorizes issuance of discharge to individual debtor who has not completed all plan payments

The Bankruptcy Code provides that an individual debtor's discharge shall not be entered by the Court until completion of all payments under the confirmed plan. *11 U.S.C. §1141(d)(5)(A)*. An exception exists, however, pursuant to 11 U.S.C. § 1141(d)(5)(B), if, *inter alia*, an individual debtor has made all plan payments to unsecured creditors. Section 1141(d)(5)(B) provides:

> (B) at any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor who has not completed payments under the plan if –
>
> (i) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date;
> (ii) modification of the plan under section 1127 is not practicable; and
> (iii) subparagraph (C) permits the court to grant a discharge.

---

[2] Although this Court previously determined that NLG is not a creditor and has no claim against the Reorganized Debtor [*see, Final Judgment on Counts I, II and III of Plaintiffs' Third Amended Complaint Determining Validity, Priority and Extent of Liens and Setting Trial on Counts IV Through IX*, Adv. No. 16-1439-BKC-AJC-A, ECF No. 238], the Court has reviewed the Objection and Opposition and overrules same.

Case 1:22-cv-24116-JEM Document 1 Entered on FLSD Docket 12/20/2022 Page 8 of 17
Case 16-10389-AJC Doc 1375 Filed 12/05/22 Page 4 of 12

*CASE NO. 16-10389-BKC-AJC*

Subsection (C) of that same statue further states:

> (C) the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that –
>     (i) section 522(q)(1) may be applicable to the debtor; and
>     (ii) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B);
> and if the requirements of subparagraph (A) or (B) are met.

11 U.S.C. § 1141(d)(5)(C).

Section 1141(d)(5) allows an individual debtor to seek a discharge after confirmation but before plan payments are completed as long as the debtor satisfies the requirements of 11 U.S.C. § 1141(d)(5)(B). *See, 11 U.S.C. § 1141(d)(5)*; *see also, In re Necaise*, 443 B.R. 483 (Bankr. S.D. Miss. 2010) ("after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005), completion of plan payments (rather than plan confirmation) discharges an individual debtor. In the alternative, an individual debtor may seek a discharge before completion of his plan payments, an early discharge, under either 11 U.S.C. § 1141(d)(5)(A) or (B).").

The Court finds that the Reorganized Debtor has complied with the provisions of 11 U.S.C. § 1141(b)(5)(B) so as to be entitled to an early discharge.[3] Exhibit "A" attached to both the Motion

---

[3] The Court notes that during the hearing, counsel for the United States Trustee concurred with the Debtor's position regarding her entitlement to entry of discharge upon payment to unsecured creditors:

> MS. ARMENGOL:
>
> ... I can speak as to the procedural propriety of the Court awarding a discharge now. I concur with Mr. Pugatch -- and for the record, the code section is 1141(d)(5)(A) and (B) -- that if unsecured claims are paid, the

*CASE NO. 16-10389-BKC-AJC*

and Final Report demonstrates that the general unsecured creditors, whose claims were to be paid in the Plan, have been paid in full. As a result, the value of property [payments] distributed under the Fourth Amended [Chapter 11] Plan of Reorganization [ECF No. 563] (the "Fourth Amended Plan") on account of each unsecured claim is not less than the amount that would have been paid on such claim if the bankruptcy estate would have been liquidated under chapter 7. Therefore, the Reorganized Debtor has complied with 11 U.S.C. § 1141(b)(5)(B)(i). The Court takes judicial notice of Debtor's Monthly Operating Report (Individual) Corrected for the Period May 1, 2018 to May 31, 2018 [ECF No. 727] and Debtor's Monthly Operating Report (Individual) for the Period June 1, 2018 to June 30, 2018 [ECF No. 725] evidencing the total disbursements made pursuant to the Fourth Amended Plan and Confirmation Order. Moreover, the Court finds 11 U.S.C. § 1141(b)(5)(B)(ii) is not applicable as modification of the Fourth Amended Plan is not practicable under 11 U.S.C. § 1127.

## II. The Fourth Amended Plan, the Confirmation Order and this Court's prior Orders provide additional bases to grant relief

The Fourth Amended Plan, together with the Confirmation Order and this Court's prior rulings provide additional authority for issuance of a discharge to the Reorganized Debtor prior to completion of payments under the Plan. The foregoing documents indicate that the Reorganized

---

individual debtor can receive a discharge.
Looking at the plan, Your Honor, the only other claims were secured. So even if she gets a discharge – Ms. Hazan gets a discharge and doesn't pay pursuant to the plan, they still have that security and that lien. And a priority claim with the IRS – and I'm not sure where that stands, but Your Honor, I believe that under 1141(d)(5)(B), Your Honor has the authority to grant the discharge at this time.

Transcript, August 9, 2018 Hearings [17:15-25, 18:1-4].

*CASE NO. 16-10389-BKC-AJC*

Debtor intended to seek the issuance of a discharge upon payments in full to unsecured creditors. For instance, Article VIII of the Fourth Amended Plan, as confirmed by the Court, provides, in pertinent part:

> (e) Upon the satisfaction of all payments required under the Plan to **unsecured creditors**, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b). Any Clerk of Court fees associated with filing of the motion to reopen shall be waived. The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all of the payments contemplated under the Plan to **unsecured creditors**.

*See, Fourth Amended Plan, Article VIII* [ECF No. 563], page 30 of 31. [Emphasis added]. The Court finds that the Reorganized Debtor complied with Article VIII(e) of the Fourth Amended Plan by filing the Motion which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

In addition, Article VIII of the Fourth Amended Plan, as confirmed by the Court, states, in relevant part:

> (f) Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to **unsecured creditors** have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).

*See, Fourth Amended Plan, Article VIII* [ECF No. 563], page 31 of 31. [Emphasis added]. The Court finds that the Reorganized Debtor complied with Article VIII(f) of the Fourth Amended Plan by filing the Final Report which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

*CASE NO. 16-10389-BKC-AJC*

On or about June 12, 2018, this Court entered its Confirmation Order which confirmed the Fourth Amended Plan and contemplated the issuance of a discharge to the Reorganized Debtor upon the completion of plan payments to unsecured creditors under the Plan. Specifically, paragraph 18(e) of the Confirmation Order states:

> (e) Upon the satisfaction of all payments required under the Plan to *Unsecured Creditors*, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b). Any Clerk of Court fees associated with filing of the motion to reopen shall be waived. The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all payments contemplated under the Plan to *Unsecured Creditors*.

*See, Confirmation Order* [ECF No. 691], page 7 of 8. [Emphasis added]. The Court finds that the Reorganized Debtor complied with paragraph 18(e) of the Confirmation Order, by filing the Motion which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

In addition, paragraph 18(f) of the Confirmation Order states:

> (f) Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to *Unsecured Creditors* have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).

*See, Confirmation Order* [ECF No. 691], page 7 of 8. [Emphasis added]. The Court finds that the Reorganized Debtor complied with paragraph 18(f) of the Confirmation Order by filing the Final Report which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

*CASE NO. 16-10389-BKC-AJC*

On or about June 13, 2018, this Court entered its Agreed Order Granting Reorganized Debtor's Ore Tenus Motion to Administratively Close Individual Chapter 11 Case After Confirmation [ECF No. 692] (the "Agreed Order"). The Agreed Order provides, *inter alia*:

> Upon the re-opening of this bankruptcy case, the Reorganized Debtor shall promptly file a Final Report and Motion for Final Decree Closing Case on the Court-approved local form in effect at that time, which shall certify, that all payments required under the Plan to the ***unsecured creditors*** have been made. The Court may then grant the Reorganized Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5) if all other conditions are satisfied.

*See, Agreed Order* [ECF No. 692], page 2 of 3. [Emphasis added]. The Court finds that the Reorganized Debtor complied with the Agreed Order by filing the Motion and Final Report, with Exhibit "A" attached to both pleadings, indicating all payments were made by the Debtor to Class 12 unsecured creditors.

### III. NLG's Objection and Opposition

NLG, LLC is the only entity objecting to the granting of a discharge in this case. NLG, whose claim the Court disallowed, asserted that a discharge should not be granted at this time because the Debtor has not yet paid Creditor JMB Urban Development Partners, LTD in full. The Court took the matter under advisement to consider the objection; and upon further consideration and review of the record, the Court overrules the objection.

NLG argues that the Court may not enter a discharge order until the Reorganized Debtor pays JMB in full. The Court disagrees. JMB is not affected by the relief sought and has not objected to the Debtor receiving a general discharge. Pursuant to the settlement of the adversary proceeding, in Adv No. 16-1188-BKC-AJC-A [ECF No. 21], the Reorganized Debtor and JMB agreed that

*CASE NO. 16-10389-BKC-AJC*

JMB has a non-dischargeable judgment of $275,000.00. Thus, after receiving its *pro rata* share of distributions under the Plan, JMB may continue to pursue payment of its claim outside the Plan. Likewise, the Reorganized Debtor and the Board of Managers of Spencer Condominium have agreed that Debtor's liability in the amount of $109,554.06 to the Board of Managers of Spencer Condominium would be non-dischargeable. Therefore, this Creditor has also agreed to the granting of Debtor's discharge.

Section 1141(5)(B) of the Bankruptcy Code provides for the granting of a discharge to a debtor who has not completed payments, if modification of a plan is not practicable and creditors have received value "not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7." *In re Belcher*, 410 B.R. 206, 215 (Bankr. W.D. Va. 2009) (explaining that "§ 1141(d)(5)(B) provides for early discharge in a manner similar to the 'hardship discharge' in chapter 13 cases under § 1328(b)."). In this case, all unsecured creditors were to be paid in accordance with the Plan, and those payments have been made in full. JMB and the Board of Managers of Spencer Condominium may pursue the remaining amounts of their respective non-dischargeable debts outside the Plan. Because the entry of a discharge [of the claims of the unsecured creditors who were paid in full under the Plan] will not affect JMB or the Board of Managers of Spencer Condominium, the Court sees no reason to withhold the discharge when the Debtor has otherwise established entitlement to same.

The entry of a non-dischargeable judgment, and the outstanding debt thereunder, does not prevent the early entry of an order of discharge, because a discharge in no way impacts the non-dischargeable debts. Unsecured creditors holding nondischargeable claims are entitled to collect the balance of their debts outside the plan. In *Newman v. United States (In re Newman)*, 399 B.R.

*CASE NO. 16-10389-BKC-AJC*

541, 548 (Bankr. M.D. Fla. 2008), the court held that a creditor holding a nondischargeable claim is not prevented from pursuing post-confirmation collection efforts outside of bankruptcy, regardless of whether such claim was provided for in the confirmed plan. A nondischargeable debt may remain after a debtor has emerged from bankruptcy.

Although the Court believed that, following the August 9, 2018 hearing, the Debtor had demonstrated compliance with the requirements of 11 U.S.C. § 1141(d)(5), the Court set another hearing for October 24, 2018 to address whether a discharge should be issued while the Reorganized Debtor's non-core tort claims remained pending in an adversary proceeding. [ECF No. 745]. At the October 24, 2018 hearing, the Reorganized Debtor announced she was withdrawing her non-core tort claims, thereby alleviating the Court's concerns. Adv. No. 16-1439-BKC-AJC-A [ECF No. 358].

For the foregoing reasons, the Court finds that the Reorganized Debtor has complied with 11 U.S.C. § 1141(d)(5)(B) by demonstrating her completion of all plan payments to general unsecured creditors under the Fourth Amended Plan and Confirmation Order and has otherwise complied with the requirements to receive a discharge. However, the Court will refrain from closing this case at this time as there remains pending the parties' motions for sanctions and for contempt, as well as several appeals. It is the policy of the Court to not close a case until all appeals are finally resolved and over. Therefore, it is

**ORDERED AND ADJUDGED**:

1. The Motion [ECF No. 713] is **GRANTED IN PART,** and this bankruptcy case is **RE-OPENED** for the sole purpose of approving the Final Report and entering the Reorganized Debtor's discharge consistent with the terms of this order.

*CASE NO. 16-10389-BKC-AJC*

2. The Final Report is **APPROVED**.

3. NLG, LLC's motion and amended motion to re-open Chapter 11 case [ECF Nos. 757 and 763] are **GRANTED IN PART** with respect to reopening this case, and not closing the case until the final disposition of all pending motions and appeals herein, but NLG, LLC's Opposition and Objection to the granting of the discharge are **DENIED** and **OVERRULED**.

4. The Reorganized Debtor is entitled to a discharge in accordance with the provisions of 11 U.S.C. § 1141(d)(5), and the Fourth Amended Plan and the Confirmation Order; thus, the Reorganized Debtor is **DISCHARGED** pursuant to the provisions of 11 U.S.C. § 1141(d) from any debt that arose before the date of such confirmation and any debt of any kind specified in Section 502(g), 502(h) or 502(i) of Title 11 in accordance with the provisions of 11 U.S.C. § 1141(d).

5. The discharge issued to the Reorganized Debtor does not discharge or otherwise affect the JMB non-dischargeable judgment.

6. The discharge issued to the Reorganized Debtor does not discharge the Reorganized Debtor from her personal monetary liability in the amount of One Hundred Nine Thousand Five Hundred Fifty-Four and 06/100 Dollars ($109,554.06) to the Board of Managers of Spencer Condominium. The Reorganized Debtor has other non-monetary obligations under the Settlement Agreement with the Board of Managers of Spencer Condominium, as provided for in the treatment of Class 11 under the Fourth Amended Plan and the Confirmation Order, and such non-monetary obligations are not impacted by the discharge. The New York courts have exclusive

*CASE NO. 16-10389-BKC-AJC*

jurisdiction over the settlement between those parties.

7. This case shall remain open pending the final disposition of all motions herein and the outstanding appeals, after which the Court will direct the Clerk of Court to enter a Final Decree closing this case.

### ###

Submitted by:

Geoffrey S Aaronson, Esq
Aaronson Schantz Beiley P.A.
Florida Bar No. 349623
One Biscayne Tower, 34th Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Tel. 786.594.3000
Fax 305.424.9336
Email gaaronson@aspalaw.com
*Attorney for Reorganized Debtor*

*Attorney Geoffrey Aaronson is directed to serve a copy of this Order on all interested parties and to file a certificate of service with the Court.*

CGFD30 (10/01/16)



**ORDERED in the Southern District of Florida on December 5, 2022**

A. Jay Cristol
United States Bankruptcy Judge

# United States Bankruptcy Court
### Southern District of Florida
www.flsb.uscourts.gov

Case Number: 16–10389–AJC

Chapter: 11

**In re:** *Debtor(s) name(s) and address(es) (for names include married, maiden and trade used by the debtor(s) in the last 8 years)*

Liza Hazan
aka Elizabeth Hazan
6913 Valencia Drive
Miami Beach, FL 33109

SSN: xxx–xx–7473

# FINAL DECREE

A Final Report and Motion for Entry of Final Decree having been filed on behalf of the debtor, this chapter 11 case is closed. If applicable, all future payments under the plan of reorganization shall be disbursed in accordance with the plan.

### # # #

The clerk shall serve a copy of this Final Decree on the Debtor, Attorney for Debtor, and the U.S. Trustee